[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14012

_____

D.C. Docket No. 1:09-cv-20215-PCH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK

INVERSIONES MAR OCTAVA LIMITADA,
MARCELO GUILLERMO TESTA,
On Behalf of Themselves and
All Others Similarly Situated,
SANTANDER INVESTOR GROUP,
LEAD PLAINTIFFS,
JUAN GONZALO PEREZ VALDEZ,

Plaintiffs-Appellants,

INTERNATIONAL HARVESTER LIMITED,
SAN JAVIER INTERNATIONAL LIMITED,

Intervenors-Plaintiffs-Appellants,

versus

BANCO SANTANDER S.A.,
BANCO SANTANDER INTERNATIONAL,
OPTIMAL INVESTMENT SERVICES S.A.,
PRICEWATERHOUSECOOPERS,
HSBC SECURITIES SERVICES (IRELAND) LTD., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 30, 2011)

Before TJOFLAT and MARTIN, Circuit Judges, and DAWSON,* District Judge.

PER CURIAM:

Appellants, plaintiffs before the district court, are a group of foreign investors that invested in two funds organized under the laws of the Bahamas. All of the appellants' transactions were conducted with companies organized under the laws of foreign countries. The two Bahamian investment funds, however, invested their assets with Bernard L. Madoff. Madoff, of course, did not run a legitimate investment company but instead operated a ponzi scheme. When that scheme unravelled, the Bahamian funds went bankrupt, and the appellants' investments were lost.

The procedural history of this case is set forth in detail in the district court's thorough opinion. For our purposes, it is sufficient to say that the proceedings were eventually consolidated into a Multi-District Litigation, which was held in

_____

* Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

2

the Southern District of Florida. Following extensive briefing, the district court concluded that it lacked personal jurisdiction over six defendants, and further that the entire case was due to be dismissed under the doctrine of forum non conveniens. Appellants appeal these determinations.

This Court "may only reverse a district court's dismissal based on forum non conveniens if it constitutes a clear abuse of discretion." Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1288 (11th Cir. 2009) (quoting Membreno v. Costa Crociere S.p.A., 425 F.3d 932, 935-36 (11th Cir. 2005)). It is well settled that abuse of discretion review is "extremely limited" and "highly deferential." Id. When this Court employs the abuse of discretion standard, it "must affirm unless [it] find[s] that the district court has made a clear error of judgment, or has applied the wrong legal standard." Id. (quoting United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)).

Upon a thorough review of the briefs and the district court's opinion, and with the benefit of oral argument, we hold that the appellants have not carried their heavy burden to demonstrate that the district court abused its discretion in dismissing on forum non conveniens grounds. Rather, the court committed no errors of judgment, clear or otherwise, nor did it apply the wrong legal standard. See Aldana, 578 F.3d at 1288. We thus share the district court's conclusion "that

Ireland is an adequate alternative forum and that the relevant private and public factors weigh strongly in favor of <u>forum non conveniens</u> dismissal in favor of Ireland," and affirm.[1]

**AFFIRMED**

---

[1] Because we may affirm on any ground supported in the record, we do not reach the district court's conclusions regarding personal jurisdiction. <u>See</u> <u>Ironworkers Local Union 68 v. AstraZeneca Pharms., LP</u>, 634 F.3d 1352, 1360 (11th Cir. 2011).